United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHURCH BROTHERS, LLC, | NO. 5:11-cv-04114 EJD (HRL) |
| Plaintiff(s), | **ORDER:** |
| v. | |
| GARDEN OF EDEN PRODUCE, LLC, et. al., | **GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER;** |
| Defendant(s). | **ISSUING ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** |
| | [Docket Item No. 3] |

Plaintiff Church Brothers, LLC ("Plaintiff") commenced the instant case under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c)(3), against Defendants Garden of Eden Produce, LLC ("Garden") and its principal, Javier Gonzalez ("Gonzalez"). Presently before the court is Plaintiff's ex parte application for a temporary restraining order ("TRO") to enjoin Defendants from dissipating PACA trust assets, as well as a motion for preliminary injunction. See Docket Item No. 3. Plaintiff provided notice of this application to Defendants through overnight mail and e-mail on August 19, 2011. See Decl. of Daniel E. Griffee ("Griffee Decl."), at ¶ 6. To date, Defendants have not responded.

Having reviewed this matter, the court finds Plaintiffs have provided a sufficient basis for the issuance of ex parte injunctive relief. Accordingly, the request for a TRO will be granted and a hearing on the motion for preliminary injunction will be held on Thursday, September 8, 2011, at

10:00 a.m. as stated in the order which follows.[1]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a PACA licensee in this business of growing, harvesting, and selling perishable agricultural commodities with headquarters in Salinas, California. See Decl. of Jay Brown ("Brown Decl."), at ¶ 5. In or about June or July, 2011, Gonzalez contacted Plaintiff and requested that Plaintiff sell produce to Garden, a Nevada dealer. See id. at ¶ 7; see also Decl. of Frank Cruz ("Cruz Decl."), at ¶ 4. As a result, Plaintiff sold to Garden 13 shipments of green onions and tomatillos. See Brown Decl., at ¶¶ 6, 8. Plaintiff provided to Defendant invoices for each shipments on the date of the transaction, all of which contain the following statement:

> The perishable commodities listed on this invoice are sold subject to the statutory trust authorized by section 5c fo the Perishable Agricultural Commodities Act....The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

See id., at Ex. 1. The invoices further provide for finance charges on delinquent accounts at the rate of 1.5% per month, or 18% annually. See id.

Plaintiff also required Garden to complete a credit application. See Decl. of Linda Schroeder ("Schroeder Decl."), at ¶ 8. On the application, Gonzalez represented he had registered as a PACA licensee by providing a purported registration number. See id. at Ex. 2. Plaintiff's counsel later determined this registration number identified by Gonzalez was issued to another produce dealer operating from Oxnard, California. See Griffee Decl., at ¶ 3.

The total price of the produce accepted by Garden is $177,442.50. See Schroeder Decl., at ¶ 5. Garden paid $3,500.00 toward this balance. See id. at ¶ 7. Thus, $173,942.50 remained to be paid. Id.

Plaintiff made several inquiries about the balance owed by Garden throughout July, 2011, and Gonzalez responded on several occasions that he would pay the balance. See id. at ¶ 9; see also Brown Decl., at ¶ 12. On July 27, 2011, Gonzalez e-mailed Plaintiff's credit manager stating that

---

[1] This disposition is not intended for publication in the official reports.

Case No. 5:11-cv-04114 EJD (HRL)
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (EJDLC1)

Garden would made three wire transfer deposits to pay the outstanding balance. See Schroeder Decl., at ¶ 9. Garden did not initiate the transfers as promised. See id. Gonzalez also told Plaintiff's Chief Financial Officer that Garden was encountering problems collecting on its own invoices and was having financial difficulties which prevented full payment to Plaintiff. See Brown Decl., at ¶ 12.

As of August 18, 2011, Garden still owed Plaintiff $173,442.50. See Schroeder Decl., at ¶ 7. Plaintiff also calculated interest on the unpaid balance of $750.00, for a total of $183,818.50. Plaintiff commenced this case on August 22, 2011, and now seeks an ex parte injunction to prevent Garden from dissipating trust assets in order to preserve its claim to the amount owed.

## II.   DISCUSSION

### A.   Legal Standard

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.), 947 F.2d 1351, 1352 (9th Cir. 1991).

Plaintiff seeks a TRO to preserve PACA trust assets. The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). "In the Ninth Circuit, a district court may issue a preliminary injunction when the moving party demonstrates either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tips sharply in its favor." Lockheed Missile & Space Co v Hughes Aircraft Co., 887 F. Supp. 1320, 1322 (N.D. Cal. June 7, 1995) (citing Arcamuzi v.

Case No. 5:11-cv-04114 EJD (HRL)
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (EJDLC1)

1  Continental Air Lines, Inc, 819 F.2d 935, 937 (9th Cir. 1987)); Alliance for the Wild Rockies v.
2  Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010). "These formulations are not different tests but
3  represent two points on a sliding scale in which the degree of irreparable harm increases as the
4  probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the
5  Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989).

**B.  Application**

Here, Plaintiff has met its burden to demonstrate probable success on the merits coupled with the possibility of irreparable injury.

As to the first part of the test, Plaintiff is entitled to the benefits associated with a PACA trust as a registered producer of agricultural commodities, and has preserved its ability to enforce the benefits of PACA through language on the invoices used in its dealings with Garden. See 7 U.S.C. § 499a(b)(6); see also 7 U.S.C. § 499e(c)(3) ("The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and had filed such notice with the Secretary [of Agriculture] within thirty calendar days (I) after expiration of the time prescribed by which payment must be made, as set forth in regulations issued by the Secretary, [or] (ii) after expiration of such other time by which payment must be made...."); see also JC Produce, Inc. v. Paragon Steakhouse Restaurants, Inc., 70 F. Supp. 2d 1119, 1122, at n.5 (concluding that the notice on plaintiff's invoices, which advised that produce was sold pursuant to statutory trust authorized by PACA and were unchallenged by defendant, appeared consistent with PACA's statutory notice requirements). Although it has since been revealed that Garden is not a PACA licensee contrary to Gonzalez's initial representation, the invoices and declarations presented establish that Garden nonetheless qualifies as an unlicensed "dealer" as that term is defined by PACA based on the amount of produce purchased by Garden. See 7 U.S.C. § 499a(b)(6). Plaintiff has also presented sufficient evidence that Garden has not complied with its duties under PACA to maintain trust assets, and that Plaintiff has not been fully paid for produce it sold to Garden. Thus, Plaintiff has demonstrated likely success on the merits in its application.

Plaintiff has also shown that it will suffer irreparable injury in the absence of a TRO. "A

Case No. 5:11-cv-04114 EJD (HRL)
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING
ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (EJDLC1)

showing of threatened trust dissipation amounts to a showing of a possibility of irreparable injury." Rey Rey Produce SFO, Inc. v. Mis Amigos Meat Market, Inc., No C 08-1518 VRW, 2008 U.S. Dist. LEXIS 40607, at *5 (N.D. Cal. Apr. 24, 2008). "[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery." Tanimura & Antle, Inc. v Packed Fresh Produce, Inc., 222 F.3d 132, 139 (3rd Cir. 2000) (citing Frio Ice, SA v Sunfruit, Inc., 918 F.2d 154, 159 (11th Cir. 1990)). In this case, Gonzalez indicated to Plaintiff's representative that Garden is encountering financial difficulties which have rendered it incapable of paying Plaintiff for the produce it purchased. Moreover, the court is concerned about Gonzalez's prior misrepresentations as to the status of Garden's PACA registration and forthcoming payments. Comprehensively, this is sufficient to show irreparable injury under PACA. See Rey Rey Produce SFO, Inc., 2008 U.S. Dist. LEXIS 40607, at *5-6 (finding evidence of prior bounced checks and unfulfilled promises to pay established irreparable injury element for a TRO under PACA).

In light of the discussion above, the court finds Plaintiff is entitled to a TRO. Accordingly, the court issues the following order which contains some, but not all, of the injunctive provisions proposed by Plaintiff.

### III.   ORDER

Based on the foregoing, Plaintiff's ex parte application for a TRO is GRANTED such that:

1. Pending the hearing on the Order to Show Cause scheduled herein, Garden, Gonzalez and their agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with them shall be and hereby are prevented from transferring, withdrawing or in any other manner removing Perishable Agricultural Commodities Act [7 U.S.C. § 499e(c)] trust assets, including but not limited to farm products (in raw or processed form), the proceeds from the sale of farm products (in raw or processed form), and funds on deposit in banking accounts held by or on behalf of the defendants named in this action, from said defendants' banking accounts.

2. This Order shall be binding upon the parties to this action and all other persons or entities who receive actual notice of this Order by personal service or otherwise.

3. Due to the nature of the issued presented by this action, the court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c);

United States District Court
For the Northern District of California

1  4. This TRO is effective on upon the date and time of filing and shall remain in effect until the date of hearing on preliminary injunction specified below.

5. Plaintiff shall forthwith serve Defendants, or their resident agent, or their counsel, with a copy of this Order. Such service shall be completed no later than **August 29, 2011**.

Defendants are further ORDERED to show cause why they should not be preliminarily enjoined from distributing PACA trust funds as set out in Plaintiff's application for a preliminary injunction. Defendants shall file a written response, if any, to this Order to Show Cause and Plaintiff's application on or before **September 2, 2011**. Plaintiff may file a reply to Defendant's response on or before **September 6, 2011**.

Plaintiff's motion for preliminary injunction will be heard on **September 8, 2011, at 10:00 a.m.** in Courtroom 1, 5th Floor, at the United States District Court located at 280 S. 1st Street in San Jose.

**IT IS SO ORDERED.**

Dated: August 25, 2011



EDWARD J. DAVILA
United States District Judge

Case No. 5:11-cv-04114 EJD (HRL)
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (EJDLC1)

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Daniel Edward Griffee dan@johnsonmoncrief.com
Paul Hart paulhart@johnsonmoncrief.com
Dennis James Lewis dennis@johnsonmoncrief.com

**Dated:  August 25, 2011**                                   **Richard W. Wieking, Clerk**

                                                              **By:      /s/ EJD Chambers**
                                                                    **Elizabeth Garcia**
                                                                    **Courtroom Deputy**

Case No. 5:11-cv-04114 EJD (HRL)
ORDER GRANTING PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER; ISSUING ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION (EJDLC1)