IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| CHURCH BROTHERS, LLC, | CASE NO. 5:11-cv-04114 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |
| v. | |
| GARDEN OF EDEN PRODUCE, LLC, et. al., | [Docket Item No. 38] |
| Defendant(s). | |

In this action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et. seq., Plaintiff Church Brothers, LLC ("Plaintiff") moves for entry of default judgment against Defendants Garden of Eden Produce, LLC, and Javier Gonzalez (collectively, "Defendants"). See Docket Item No. 38. Defendants have not submitted written opposition to the motion, and the time for such opposition has expired. See Civ. L. R. 7-3(a).

Having reviewed Plaintiff's submissions, the Court finds this matter appropriate for decision without oral argument. See Civil L. R. 7-1(b). The hearing scheduled for April 6, 2011, is therefore vacated and the motion granted for the reasons stated below.

### I. BACKGROUND

Plaintiff is a PACA licensee in this business of growing, harvesting, and selling perishable agricultural commodities with headquarters in Salinas, California. See Compl., Docket Item No. 1, at ¶ 4. Gonzalez is the principal of Garden of Eden Produce, LLC. See id. at ¶ 6. On various dates

1
CASE NO. 5:11-cv-04114 EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

1  in July, 2011, Plaintiff sold to Garden 13 shipments of green onions and tomatillos to Defendants.

2  See id. at ¶ 11. Plaintiff provided to Defendant invoices for each shipments on the date of the

3  transaction, all of which contain the following statement:

> The perishable commodities listed on this invoice are sold subject to
> the statutory trust authorized by section 5c fo the Perishable
> Agricultural Commodities Act....The seller of these commodities
> retains a trust claim over these commodities, all inventories of food or
> other products derived from these commodities, and any receivables or
> proceeds from the sale of these commodities until full payment is
> received.

See id. at Ex. 1. The invoices further provide for finance charges on delinquent accounts at the rate of 1.5% per month, or 18% annually. See id.

The total price of the produce accepted by Garden is $177,942.50 after accounting for Defendants' payment. See id. at ¶ 12; See Decl. of Jay Brown, Docket Item No. 39, at ¶ 3.

Plaintiff filed this action on August 22, 2011, and the Clerk entered Defendants' default on January 17, 2012. See Docket Item No. 35. Plaintiff now seeks an order granting default judgment.

## II. DISCUSSION

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter default judgment against a defendant who has failed to plead or otherwise defend an action. "The district court's decision whether to enter default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

The Ninth Circuit has provided seven factors for consideration by the district court in exercising its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of dispute concerning material facts; (6) whether default was due to excusable neglect and; (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

When assessing these factors, all factual allegations in the complaint are taken as true, except those with regard to damages. Televideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

### B. Jurisdiction and Service of Process

Courts have an affirmative duty to examine their own jurisdiction - both subject matter and personal jurisdiction - when entry of judgment is sought against a party in default. In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Since this is an action under PACA, federal subject matter jurisdiction arises under 29 U.S.C. §§ 1331 and 1367. Personal jurisdiction arises from Defendants' commercial activities within California. See Gray & Co. V. Firstenberg Mach. Co., 913 F.2d 758, 760 (9th Cir. 1990).

The court must also assess whether the Defendants were properly served with notice of this action. Plaintiff personally served the Summons and Complaint on both Gonzalez and Garden of Eden Produce, LLC. See Docket Item No. 20. Thus, the court finds Plaintiffs properly effected service of process. Fed. R. Civ. P. 4(e)(2)(A) (an individual may be served "by delivering a copy of the summons and of the complaint to the individual personally"); Fed. R. Civ. Proc. 4(h)(1)(B) (a corporation may be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.").

### C. The Eitel Factors

Application of each of the Eitel factors favors entry of default judgment against Defendants in this case. First, if the motion were denied, Plaintiff may be unable to recover the amount owed to them for the produce delivered to Defendants. Failure to enter a default judgment therefore would result in prejudice to Plaintiff since it would leave Plaintiff without an alternative remedy.

Second, the Complaint is sufficient to support entry of a default judgment. Judgment by default cannot be entered if the complaint fails to state a claim. See Moore v. United Kingdom, 384 F.3d 1079, 1090 (9th Cir. 2004). In the instant action, Plaintiff primarily seek to enforce a PACA trust against Defendants. See Compl., at ¶¶ 26-40. PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid

1  suppliers or sellers involved in the transaction until full payment of the sums owing has been
2  received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.), 947 F.2d 1351,
3  1352 (9th Cir. 1991). Since Plaintiff is a PACA licensee, Plaintiff properly preserved its benefits
4  under the PACA trust created with Defendants by including the notice of intent on its invoices. See
5  7 C.F.R. § 46.46(f)(3). The court finds Plaintiff's allegations sufficient to state a claim under
6  Federal Rule of Civil Procedure 8(a).

Third, the sum of money at stake is relatively small. In general, the fact that a large sum of money is at stake is a factor disfavoring default judgment. See Eitel, 782 F.2d at 1472 (the fact that $2,900,000 was at stake, when considered in light of the parties' dispute as to material facts, supported the court's decision not to enter judgment by default). In the instant case, Plaintiff has requested a total judgment of $212,259.21 - an amount far less than that contemplated by the court in Eitel. Because the sum of money at stake here is modest in comparison, this factor weighs in favor of entering a default judgment.

Fourth, there is no dispute of material fact. Indications that there is a dispute of material fact weigh against entry of default judgment. Eitel, 782 F.2d at 1471-72. Here, Defendant has not disputed any of Plaintiff's contentions.

Fifth, it is unlikely that default was the result of excusable neglect. This action was filed over seven months ago and Defendant has been properly served. Gonzalez participated initially in an effort to resolve this action but eventually failed properly respond. In any event, he is well aware of this litigation.

Sixth, although federal policy generally disfavors the entry of a default judgment, all of the Eitel factors weigh in favor of a default judgment here. Therefore, the motion to enter default judgment will be granted.

**D.     Damages**

Under PACA, merchants who violate its provisions "shall be liable to the person or persons injured thereby for the full amount of damages . . . sustained in consequence of such violation." 7 U.S.C. § 499e(a). Plaintiff is therefore entitled to the full value of the delivered produce, or $173,942.50.

Plaintiff is also entitled to prejudgment interest. Pursuant to Middle Mountain Land & Produce Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1225-26 (9th Cir. 2002), prejudgment interest may be included in a PACA trust claim if supported by a contractual right; otherwise, the court retains discretion to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants. Here, the invoices attached to the Complaint state, in pertinent part: "A FINANCE CHARGE calculated at the rate of 1 ½% PER MONTH (18% annually) will be applied to all PAST DUE ACCOUNTS." See Compl., at Ex. 1. Although interest normally accrues at the legal rate, the interest rate of 18% on unpaid accounts agreed to by the parties in the contract created by the invoices is the correct rate to apply to these transactions. Thus, Plaintiff is entitled to prejudgment interest of $17,820.19 through March 2, 2012, plus an additional $2,924.00 for amount accrued since the date Plaintiff's motion was filed.[1]

Finally, Plaintiff may recover attorney's fees and costs based on the same contract created by the invoices. Each invoice states that "[s]hould any action be commenced between the parties to this contract concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of this contract, the prevailing party in such action shall be entitled to . . . an award as and for the actual attorney's fees and costs in bringing such action . . . ." See id. That language is sufficient to support Plaintiff's request. See Sequoia Sales, Inc. v. P.Y. Produce, LLC, No. CV 10-5757 CW (NJV), 2011 WL 3607242, 2011 U.S. Dist. LEXIS 90551, at *19-21 (N.D. Cal. July 29, 2011) (citing Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 709 (2d Cir. 2007). And having reviewed the billing statements provided by Plaintiff's counsel, the court finds that the amount requested - $20,469.52 - is reasonable for the time and skill necessary for this case. See C.H. Robinson Co. v. Marina Produce Co., Inc., No. C 05-04032 WHA, 2007 U.S. Dist. LEXIS 3098, at *12, 2007 WL 39311 (N.D. Cal. Jan. 4, 2007) (finding reasonable an hourly rate of $250.00 in an action under PACA); see also Paramount Citrus Coop., Inc. v. H&M Produce, Inc., No. 1:08-cv-01210-AWI-SMS, 2008 U.S. Dist. LEXIS 118297, at *14, 2008 WL 4716764 (E.D. Cal.

---

[1] The number of days from March 2, 2012, to April 5, 2012, is 34 days. When this number is multiplied by $86.00 per day, the resulting additional amount of prejudgment interest is $2,924.00. When added to $17,820.19, the total amount of due is $20,744.19.

Oct. 24, 2008) (finding that the plaintiff in a PACA claim was entitled to reasonable attorneys' fees at $350.00 per hour).

### III. ORDER

Based on the foregoing, the hearing scheduled for April 6, 2012, is VACATED.

Plaintiff's motion for entry of default judgment is GRANTED in the following amounts: (1) the principal sum of $173,942.50, (2) prejudgment interest of $20,744.19, and (3) attorney's fees and costs of $20,496.52. Plaintiff is also entitled to post-judgment interest calculated pursuant to 28 U.S.C. § 1961. Judgment will be entered accordingly, and the Clerk shall then close this file.

**IT IS SO ORDERED.**

Dated: April 5, 2012



EDWARD J. DAVILA
United States District Judge